UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **CV 25-4777-GW-AGRx** | Date | December 5, 2025 |
| Title | ***Victoria Palmer v. The Coca-Cola Company*** | | |

| | | |
|---|---|---|
| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
| Javier Gonzalez | None Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**PROCEEDINGS: IN CHAMBERS - ORDER REGARDING DEFENDANT'S MOTION TO TRANSFER CASE TO THE NORTHERN DISTRICT OF GEORGIA**

On July 25, 2025, Defendant filed a motion to transfer this action to the Northern District of Georgia, *see* Docket No. 19, and a motion to dismiss, *see* Docket No. 20. Following the Court's issuance of tentative rulings on these motions, the Court heard oral argument and took the motions under submission. *See* Docket Nos. 29, 32. The Court also allowed the parties to submit further limited briefing on certain issues raised at the hearing as they relate to the motion to transfer. *See* Docket No. 34. The Court has considered the parties' supplemental briefings, *see* Docket Nos. 37-38, and still finds that Defendant has not met its burden to show that transfer is appropriate.

First, Defendant asserts that the convenience of the witnesses strongly favors transfer because the only witnesses that can address "***why*** the disputed ingredients were added to the Class Products" are "the Coca-Cola employees who formulated, developed, tested, labeled, and marketed the Class Products" – all of whom are "headquartered in Atlanta, Georgia." *See* Docket No. 37, at 2-3 (emphasis in original). Defendant claims that this inquiry is relevant because "an ingredient's labeling classification is determined by the singular function for which it is ***added to*** a product – not any incidental effect it may have." *Id.* at 3 (emphasis in original). Defendant relies primarily on the phrase "added to" that appears in 21 C.F.R. § 170.3(o)(11)-(12) in the definitions for "[f]lavor enhancers" and "[f]lavoring agents and adjuvants." *See id.* at 3.

Plaintiff contends in opposition that Defendant has not persuasively shown "how its subjective intent in adding ingredients to its beverage products plays a role in the Court's transfer determination." *See* Docket No. 38, at 7. Plaintiff claims that Defendant "ignores the very language at issue in this case in 21 C.F.R. § 101.22(a)(1) and (a)(3), which define 'artificial flavor' and 'natural flavor' without the use of the phrase 'added to' – or any other language suggesting intent – but merely define such flavors by their function to impart flavor and their source." *Id.* at 7-8. Contrary to what appears to be Defendant's position, Plaintiff further claims that the relevant inquires in this case "are (i) whether the flavoring ingredients used in the Class Products are artificial, and (ii) whether those ingredients impart flavor and not why a certain

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **CV 25-4777-GW-AGRx** | Date | December 5, 2025 |
| Title | ***Victoria Palmer v. The Coca-Cola Company*** | | |

ingredient was added to the Class Products." *Id.* at 8.

While the question of why the various disputed ingredients were added to the Class Products may be relevant to the claims alleged in this case – which Defendant suggests can be answered only by its own employees – Plaintiff's claims do not rise or fall with the answer. As Plaintiffs indicate, there are other relevant questions in this case (*e.g.*, whether the alleged ingredients impart flavor). There is no indication that these questions need be resolved only through the testimony of Defendant's employee witnesses in Atlanta. Plaintiff has also identified certain non-party witnesses close to this forum who she claims would be inconvenienced were this case transferred. *See id.* at 12. The Court agrees with Defendant to the extent that it argues such non-party witnesses are likely less relevant than Defendant's employee witnesses due to the nature of the claims in this case. *See* Docket No. 37, at 6 (citing *Aleisa v. Gojo Indus., Inc.*, No. 2:20-cv-01045-AB-(AGRx), 2020 WL 6826475, at *2 (C.D. Cal. Oct. 19, 2020)). Nonetheless, these witnesses are still relevant and Defendant makes no showing as to why it would be inconvenient for those potential witnesses to participate in litigation in this District. *See Metz v. U.S. Life Ins. Co. in City of New York*, 674 F. Supp. 2d 1141, 1147 (C.D. Cal. 2009) ("The convenience of employees is less important than the convenience of non-party witnesses." (citation omitted)).

Furthermore, the Court remains unpersuaded that Defendant has met its burden of demonstrating the same inconvenience with respect to its own employee witnesses. Defendant reiterates that the "teams responsible for all aspects of marketing Sprite and Fanta products, including research and development (including product ***formulation***), quality control, supply chain management (including ***ingredient sourcing***), product packaging, product marketing (including ***labeling***), consumer and market research, and ***regulatory and compliance*** functions, are headquartered in Atlanta, Georgia and have been for decades." Docket No. 733, at 4 (emphasis in original) (quoting Kroo Decl. ¶7). The Ninth Circuit clarified that "[t]he party seeking the transfer must clearly specify the essential witnesses to be called and must make a general statement of what their testimony will cover." *Gherebi v. Bush*, 352 F.3d 1278, 1304 n.33 (9th Cir. 2003), *vacated on other grounds*, 542 U.S. 952 (2004). Even if the Court were to agree with Defendant that it has sufficiently identified potential witnesses by job description, the Court is not satisfied that Defendant has provided enough information for this Court to "examine the materiality and importance of the anticipated witnesses' testimony" or to "determine their accessibility and convenience to the forum." *See id.* (citation omitted). "Indeed, 'to show inconvenience to witnesses, the moving party should state the witnesses' identities, locations, and content and relevance of their testimony.'" *Farbod Hadizadeh Moghadam et al. v. Alleviate Tax, LLC*, No. 8:24-cv-01810-MWC-(DFMx), 2025 WL 3190131, at *3 (C.D. Cal. Mar. 20, 2025) (quoting *Meyer Mfg. Co. v. Telebrands Corp.*, No. 2:11-cv-03153-TLN-(DADx), 2012 WL 1189765, at *6 (E.D. Cal. Apr. 9, 2012)). That some number of employees who have knowledge about why the alleged ingredients in this case were added to the Class Products are located in Georgia is insufficient to show that the inconvenience of litigating in this District for these potential witnesses weighs in favor of transfer. *See Doe v. Epic Games*, 435 F. Supp. 3d 1024, 1042 (N.D. Cal. 2020) ("[C]ourts generally give less consideration to the convenience of party witnesses or witnesses employed by a party because these witnesses can be compelled by the parties to testify regardless of where the litigation will occur." (citing *Allstar Mktg. Grp., LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1132 (C.D. Cal. 2009))).

Second, Defendant emphasizes that this case is a putative nationwide class action and that courts in this District have transferred similar cases to the defendants' home districts out of a recognition that nationwide allegations weigh in favor of transfer. *See* Docket No. 37, at 6-9. Plaintiff contends in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **CV 25-4777-GW-AGRx** | Date | December 5, 2025 |
| Title | ***Victoria Palmer v. The Coca-Cola Company*** | | |

opposition that several courts within the Ninth Circuit have done the opposite. *See* Docket No. 38, at 9-11. Upon review of Defendant's cases and consideration of Plaintiff's arguments, the Court does not find that any of Defendant's cases would change this Court's Tentative Ruling as it relates to their request to transfer.[1] Indeed, many of the cases cited by Defendant are largely distinguishable. *See, e.g.*, *Mina v. Red Robin Int'l, Inc.*, No. 2:18-cv-09472-PSG-(GJSx), 2020 WL 4037163, at *3 (C.D. Cal. Mar. 3, 2020) (defendants identified several key witnesses in Colorado and provided a declaration from one possible witness with personal knowledge of a loyalty program that plaintiff allegedly consented to); *Moreno v. Johnson & Johnson Consumer Inc.*, No. 2:21-cv-02666-AB-(PVCx), 2021 WL 12302429, at *2 (C.D. Cal. Oct. 5, 2021) (defendant named at least eleven "key decision makers and people with personal knowledge regarding DMDM Hydantoin and its use in the OGX product line," for all of whom a New Jersey venue would have been substantially more convenient than a California venue); *Meza v. Procter & Gamble Co.*, No. 5:23-cv-00091-JGB-(SHKx), 2023 WL 3267861, at *3-6, 11 (C.D. Cal. Apr. 27, 2023) (defendant identified at least seven material witnesses by title located in the transferee district and plaintiff's counsel appeared to have engaged in forum shopping); *Montenegro v. Johnson & Johnson Consumer, Inc.*, No. 2:24-CV-01895-SB-(BFMx), 2024 WL 4720925, at *2-4 (C.D. Cal. Sept. 16, 2024) (there was substantial overlap of legal and factual questions with two cases pending in the transferee district). Notably, while *Montenegro* was ultimately transferred, the court in that case indicated that the convenience of the party witnesses neither favored not disfavored transfer because the defendants "d[id] not identify any witness by name and only describe[d] in general terms the nature of their testimony (*i.e.*, the Defendants' policies on product formulation, labeling, and marketing) and the hardship that would result from interrupting these employee witnesses' work." *Montenegro*, 2024 WL 4720925 at *5 (citation omitted). The court concluded that "[s]uch nonspecific assertions of inconvenience are not enough to support transfer." *Id.* (citing *Bahara v. Backus Hosp. Med. Benefit Plan*, 390 F. Supp. 2d 957, 963 (C.D. Cal. 2005) and *Epic Games, Inc.*, 435 F. Supp. 3d at 1042).

While the Court acknowledges that a plaintiff's choice of forum for a putative class action is

[1] To dispute Defendant's representation during oral argument that "[t]here has never been a putative nationwide class action of this sort that Coca-Cola did not move to transfer," Plaintiff identifies a putative class action filed in the Northern District of California in which Defendant made no move to transfer and that involved a false advertising claim related to the nature of an ingredient in one of Defendant's consumer beverage products. *See generally Fitzhenry-Russell v. Coca-Cola Co.*, No. 5:17-cv-00603-EJD, 2017 WL 4680073 (N.D. Cal. Oct. 18, 2017). Specifically, the plaintiff there alleged that the statement "Made With Real Ginger" on Seagram's Ginger Ale was false and misleading because the product "is not made from real ginger root." *See id.* at *1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **CV 25-4777-GW-AGRx** | Date | December 5, 2025 |
| Title | ***Victoria Palmer v. The Coca-Cola Company*** | | |

typically accorded less weight because potential class plaintiffs may come from all over the country,[2] the Court finds that Defendant has not met its burden of demonstrating that the convenience of the witnesses weighs in favor of transfer. As many courts have recognized, "[t]he relative convenience to the witnesses is often recognized as the most important factor to be considered in ruling on a motion under § 1404(a)." *Metz*, 674 F. Supp. 2d at 1147 (quoting *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1160 (S.D. Cal. 2005)).

Based on the foregoing discussion, the Court adopts its Tentative Ruling as its Final Ruling. The Court DENIES the Motion to Transfer; DENIES the Motion to Dismiss insofar as it seeks to dismiss Plaintiff's claims on federal preemption grounds; DENIES the Motion to Dismiss with respect to the unjust enrichment and intentional misrepresentation claims; GRANTS the Motion to Dismiss with respect to the negligent misrepresentation claim; DENIES the Motion to Dismiss with respect to Plaintiff's standing to bring claims related to the Class Products that she did not purchase; GRANTS the Motion to Dismiss with respect to the request for injunctive relief; DENIES the Motion to Dismiss insofar as it seeks to dismiss Plaintiff's request for equitable relief based on Sonner, except as to equitable restitution; and GRANTS the Motion to Dismiss with respect to the request for punitive damages.

Plaintiff will have until December 30, 2025 to file a First Amended Complaint.

The Court sets a status conference for February 2, 2026 at 8:30 a.m. The parties are to file a joint status report by noon on January 29, 2026.

**IT IS SO ORDERED.**

---

[2] Plaintiff claims that Defendant declined to stipulate to the dismissal of the putative nationwide class claims without prejudice. *See* Docket No. 38, at 12 (citation omitted).