# EXHIBIT 5

**From:** Burns, Dakotah (x2532)
**Sent:** Thursday, May 28, 2026 4:51 PM
**To:** Jason Ibey
**Cc:** Petkovich, Faust (x2306); Gil Melili; Tanya Greene; Erin Huntington; Abbas; Zalesin, Steven A. (x2110)
**Subject:** RE: Palmer v. TCCC - Supplemental R&Os and Production Volume No. TCCC_VOL004

Jason, thanks for your email. Please see our written responses below:

> **Topic 2**: We confirm that Coca-Cola will not take the position in responding to the upcoming motion for class certification that the labels and/or packaging for the Class Products did not contain the 100% Natural Flavors representation during any part of the Class Period, or that any labeling differences prior to the Class Period would impact class certification. We will provide a subsequent signed verification, and we will endeavor to do so by June 5, subject to our client's availability. For the avoidance of doubt, this representation does not concern the placement or size of the "100% Natural Flavors" claim on the labels or packaging during the Class Period, and Coca-Cola reserves the right to point out differences in the placement or size of this claim in opposing class certification.
>
> **Topic 6**: We confirm Coca-Cola's understanding that the UPC for each of the Class Products has remained the same (is static) during the Class Period.
>
> **Topic 14**: We confirm that Coca-Cola does not provide MSRP information relating to the Class Products.
>
> **Topic 25**: We are still trying to confirm the applicable data retention policy (including the policy period) pertinent to labels / packaging of the Class Products. We will try to do so prior to tomorrow morning's deposition.

Thanks,
Dakotah

**Dakotah Burns**
He | Him | His
**Patterson Belknap Webb & Tyler LLP**
1133 Avenue of the Americas | New York, NY 10036
T: 212.336.2532
dburns@pbwt.com | www.pbwt.com

---

**From:** Jason Ibey <jason@kazlg.com>
**Sent:** Wednesday, May 27, 2026 7:34 PM
**To:** Burns, Dakotah (x2532) <dburns@pbwt.com>
**Cc:** Petkovich, Faust (x2306) <fpetkovich@pbwt.com>; Gil Melili <gil@kazlg.com>; Tanya Greene <Tanya.Greene@us.dlapiper.com>; Erin Huntington <Erin.Huntington@us.dlapiper.com>; Abbas <ak@kazlg.com>
**Subject:** Re: Palmer v. TCCC - Supplemental R&Os and Production Volume No. TCCC_VOL004

**External: Think before you click.**

Dakotah and defense team,

I appreciate the productive call this evening. Below is a short summary of only the items we discussed to moot some of (or portions of) the 30b6 deposition topics for the May 29th deposition, subject to confirmation of your agreement. If there is something that I have overlooked regarding the deposition topics, please let me know. We discussed other discovery terms related to written discovery which I have not memorialized here.

Topic No. 2

I understand that Defendant is willing to represent that it will not take the position in responding to the upcoming motion for class certification that the labels and/or packaging for the Class Products did not contain the 100% Natural Flavors representation during any part of the Class Period and would similarly not argue that any labeling differences prior to the Class Period would impact class certification. If this is confirmed by counsel in writing by tomorrow, with a subsequent signed verification from your client (to be provided by June 5th, unless your client needs a little more time due to vacation schedule), then Plaintiff will agree to remove Topic 2. I believe having client verification is needed (this was something I thought about after the call) because the second supplemental response to Palmer's RFP No. 12 is not verified (in other words, it is not an interrogatory response). Please confirm.

**OR**

Alternatively, Plaintiff is willing to accept a written response from counsel by tomorrow that the 30b6 witness could then quickly ratify (confirm is accurate - and binding on the company) at the deposition on May 29th, which would fully satisfy Topic 2 from Plaintiff's perspective. Please advise.

Topic No. 6

I understand that Defendant is willing to represent that it has confirmed that the UPC for each of the Class Products has remained the same (is static) during the Class Period. If this is confirmed, then Plaintiff will agree to remove part (i) from Topic 6. Please confirm. Further, based on the understanding that Defendant has produced available ASIN and DPCI for the Class Products, Plaintiff is willing to remove parts (ii) and (iii) from Topic 6.

Topic No. 10

Based on the understanding that Defendant does not have documents pertaining to a conjoint or willingness-to-pay analysis relating to the Class Products, Topic 10 is withdrawn.

Topic No. 14

I understand that Defendant is willing to represent that it does not provide MSRP information relating to the Class Products. If this is confirmed, then Plaintiff will agree to remove Topic 14. Please confirm.

Topic No. 16

I understand that Defendant takes the position that it does not have a contractual right to access consumer contact information from the retailers / entities identified in the topic. Although Plaintiff does not concede that position, and reserves all rights, including to serve a request for the contracts so that Plaintiff may conduct her own evaluation, Plaintiff withdraws this part of Topic 16, without prejudice.

Topic No. 22

Based on the understanding that Defendant has not located any responsive documents, Topic 22 is withdrawn, without prejudice. I further understand that there is an ongoing ESI search, for which if responsive documents are located, they will be produced.

Topic No. 25

If Defendant will agree to identify in writing the applicable retention policy (including the policy period) pertinent to labels / packaging of the Class Products, then Plaintiff would be willing to withdraw, without prejudice, Topic 25. Please advise.

Sincerely,

Jason

On Wed, May 27, 2026 at 1:15 PM Jason Ibey <jason@kazlg.com> wrote:

> Sure, no problem.
>
> On Wed, May 27, 2026 at 1:15 PM Burns, Dakotah (x2532) <dburns@pbwt.com> wrote:
>
>> Jason, apologies, my flight was delayed and I'm still in transit to the hotel. Please let me know if 4:45 ET would work for the call.
>>
>> Thanks,
>> Dakotah
>>
>> On May 27, 2026, at 3:37 PM, Petkovich, Faust (x2306) <fpetkovich@pbwt.com> wrote:
>>
>> Jason,
>>
>> To ensure that the issues identified in your two emails from last night (5/26) are promptly addressed, we're prepared to discuss them during this afternoon's conferral.
>>
>> Thanks,
>> Faust
>>
>> **Faust Petkovich**
>>
>> **Patterson Belknap Webb & Tyler LLP**
>>
>> 1133 Avenue of the Americas | New York, NY 10036
>>
>> T: 212.336.2306
>>
>> fpetkovich@pbwt.com | www.pbwt.com

**From:** Jason Ibey <jason@kazlg.com>
**Sent:** Tuesday, May 26, 2026 7:45 PM
**To:** Petkovich, Faust (x2306) <fpetkovich@pbwt.com>
**Cc:** Abbas Kazerounian <ak@kazlg.com>; Gil Melili <gil@kazlg.com>; Zalesin, Steven A. (x2110) <sazalesin@pbwt.com>; Burns, Dakotah (x2532) <dburns@pbwt.com>; Greene, Tanya <Tanya.Greene@us.dlapiper.com>; Huntington, Erin <Erin.Huntington@us.dlapiper.com>
**Subject:** Re: Palmer v. TCCC - Supplemental R&Os and Production Volume No. TCCC_VOL004

**External: Think before you click.**

Faust,

Please also provide a signed Verification for both the First Supplemental and Second Supplemental responses to Plaintiff Palmer's Interrogatories. Thank you.

Sincerely,

Jason

On Tue, May 26, 2026 at 4:30 PM Jason Ibey <jason@kazlg.com> wrote:

> Faust,
>
> In addition to my email from May 25th, I request to meet and confer regarding the Nielsen data that was produced, as it appears someone has aggregated the data from weekly to annual summaries and also removed the UPC information. The raw Nielsen data should contain weekly quantities sold and average prices by week, including the UPC. Nielsen data also generally includes key marketing attributes used to market the product in the industry.
>
> Also, I am not seeing in the document production the advertising copy that was provided to Amazon. Please advise whether that was produced.

Sincerely,

Jason

On Mon, May 25, 2026 at 11:20 AM Jason Ibey <jason@kazlg.com> wrote:

Faust,

I write regarding some concerns Plaintiff has with the recent second supplemental discovery responses from Defendant from Friday evening (May 22nd) and to request to meet and confer.

**<u>Responses to Palmer's Interrogatories</u>**

No. 18: The response, which impliedly relies on FRCP 33(d), has not been supplemented to indicate the Bates numbers for responsive documents. By when will it be supplemented, bearing in mind the 30b6 deposition is May 29th.

**<u>Responses to Palmer's Requests for Production</u>**

Nos. 12-13: The supplemental responses are not in line with the parties' agreement whereby Defendant was going to state that the 100% Natural Flavors representation was present on the packaging and/or labeling of the Class Products for at *least several years prior to* the start of the proposed class period. Accordingly, Plaintiff considers the supplemental responses deficient. This will either need to be remedied or the Rule 30b6 representative will need to be prepared to give testimony on Topic No. 2 at the May 29th deposition. It is also unclear why the supplemental responses say "would have appeared" rather than "did appear" or a similar more definite statement.

No. 66: From the supplemental response, it is unclear: (i) whether the statement that Defendant does not possess responsive documents is limited by a particular time period; (ii) whether "*direct at* the Class Products" is meant to be more limited than the language in the request of "*relating to* the CLASS PRODUCTS" (emphasis added); (iii) whether Defendant has custody or control of responsive documents (since the response only says it does not "possess" responsive documents); and (iv) whether responsive documents once existed but are not now available.

Nos. 71-73: The supplemental responses indicate that certain information on financials is in the possession of independent bottlers, but it is unclear that Defendant does not have sufficient "control" to be able to obtain that information from the bottlers with whom it clearly has an ongoing contractual relationship. Also, for No. 72, can you please confirm whether or not Defendant has produced "non-privileged documents sufficient to show annual retail dollar and unit sales data, including retail price data, of the Class Products in the most precise geographical unit that includes California for which data is available for the Class Period"?

No. 76: Please advise whether Defendant has been able to obtain and produced available DPCI information fro Target for the Class Products.

Lastly, for Nos. 6-7, 9 and 75, Plaintiff is still awaiting a response from Defendant as to whether or not it will (or is) including information on sales by Defendant on Amazon.com. Please advise.

I would like to meet and confer concerning the above. Please let me know your office's availability.

Sincerely,

Jason

On Fri, May 22, 2026 at 5:29 PM Petkovich, Faust (x2306) <fpetkovich@pbwt.com> wrote:

> Counsel:
>
> Enclosed please find Coca-Cola's (i) Second Supplemental Responses and Objections to Plaintiff's First Set of Requests for Production, and (ii) Second Supplemental Responses and Objections to Plaintiff's First Set of Interrogatories. Due to unforeseen client conflicts, we will follow-up with our verification of the Second Supplemental Responses and Objections to Plaintiff's First Set of Interrogatories early next week.
>
> Further, below is a link to Coca-Cola's Production Volume No. TCCC_VOL004, containing documents bearing Bates numbers TCCC_0000157 through TCCC_0000509:
>
> https://pbwt.box.com/s/jf7la0ad1612jvlzrmdxj3hg21e68cym
>
> The password to access the production volume will follow under separate cover. Thanks and hope everyone has a nice long weekend.
>
> Best,
> Faust
>
> **Faust Petkovich**
>
> He | Him | His
>
> Associate

**Patterson Belknap Webb & Tyler LLP**

1133 Avenue of the Americas | New York, NY 10036

T: 212.336.2306

fpetkovich@pbwt.com | www.pbwt.com

---

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this
kind.

---

--

Jason Ibey, Esq. (Licensed in CA, UT and MA)

Partner

**KAZEROUNI LAW GROUP, APC**

A Professional Corporation

<~WRD1119.jpg>

321 N Mall Drive

Suite R108

St. George, UT 84790

Direct Line: 949-274-7334

Toll Free: 800-400-6808 ext. 6

Fax: 800-520-5523

jason@kazlg.com

www.kazlg.com

Recognized as a Super Lawyer Rising Star in Consumer Law for 2018 - 2022

Los Angeles - Orange County - San Diego - Fresno - San Bernardino - Sacramento

**CONFIDENTIALITY NOTICE WARNING**:

The information contained in this message (inclusive of attachments) is attorney privileged and confidential information intended ONLY for the use of the individual/s and/or entity named above. If the reader of the message is not the intended recipient or an authorized representative of the intended recipient, I do not intend to waive and do not waive any privileges or the confidentiality of the message/s and attachment/s, and you are hereby notified that any dissemination of this communication is strictly prohibited. If you receive this communication in error, please notify me immediately at jason@kazlg.com or at (800) 400-6808 and delete the message and attachments from all your records. Thank you for your cooperation.

--

Jason Ibey, Esq. (Licensed in CA, UT and MA)

Partner

**KAZEROUNI LAW GROUP, APC**

A Professional Corporation

<~WRD1119.jpg>

321 N Mall Drive

Suite R108

St. George, UT 84790

Direct Line: 949-274-7334

Toll Free: 800-400-6808 ext. 6

Fax: 800-520-5523

jason@kazlg.com

www.kazlg.com

Recognized as a Super Lawyer Rising Star in Consumer Law for 2018 - 2022

Los Angeles - Orange County - San Diego - Fresno - San Bernardino - Sacramento

**CONFIDENTIALITY NOTICE WARNING**:

The information contained in this message (inclusive of attachments) is attorney privileged and confidential information intended ONLY for the use of the individual/s and/or entity named above. If the reader of the message is not the intended recipient or an authorized representative of the intended recipient, I do not intend to waive and do not waive any privileges or the confidentiality of the message/s and attachment/s, and you are hereby notified that any dissemination of this communication is strictly prohibited. If you receive this communication in error, please notify me immediately at jason@kazlg.com or at (800) 400-6808 and delete the message and attachments from all your records. Thank you for your cooperation.

--

Jason Ibey, Esq. (Licensed in CA, UT and MA)

Partner

**KAZEROUNI LAW GROUP, APC**

A Professional Corporation

<~WRD1119.jpg>

321 N Mall Drive

Suite R108

St. George, UT 84790

Direct Line: 949-274-7334

Toll Free: 800-400-6808 ext. 6

Fax: 800-520-5523

jason@kazlg.com

www.kazlg.com

Recognized as a Super Lawyer Rising Star in Consumer Law for 2018 - 2022

Los Angeles - Orange County - San Diego - Fresno - San Bernardino - Sacramento

**CONFIDENTIALITY NOTICE WARNING**:

The information contained in this message (inclusive of attachments) is attorney privileged and confidential information intended ONLY for the use of the individual/s and/or entity named above. If the reader of the message is not the intended recipient or

an authorized representative of the intended recipient, I do not intend to waive and do not waive any privileges or the confidentiality of the message/s and attachment/s, and you are hereby notified that any dissemination of this communication is strictly prohibited. If you receive this communication in error, please notify me immediately at jason@kazlg.com or at (800) 400-6808 and delete the message and attachments from all your records. Thank you for your cooperation.

---

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.

---

--

Jason Ibey, Esq. (Licensed in CA, UT and MA)
Partner
**KAZEROUNI LAW GROUP, APC**
A Professional Corporation

321 N Mall Drive
Suite R108
St. George, UT 84790
Direct Line: 949-274-7334
Toll Free: 800-400-6808 ext. 6
Fax: 800-520-5523
jason@kazlg.com
www.kazlg.com

Recognized as a Super Lawyer Rising Star in Consumer Law for 2018 - 2022

Los Angeles - Orange County - San Diego - Fresno - San Bernardino - Sacramento

**CONFIDENTIALITY NOTICE WARNING**:
The information contained in this message (inclusive of attachments) is attorney privileged and confidential information intended ONLY for the use of the individual/s and/or entity named above. If the

reader of the message is not the intended recipient or an authorized representative of the intended recipient, I do not intend to waive and do not waive any privileges or the confidentiality of the message/s and attachment/s, and you are hereby notified that any dissemination of this communication is strictly prohibited. If you receive this communication in error, please notify me immediately at jason@kazlg.com or at (800) 400-6808 and delete the message and attachments from all your records. Thank you for your cooperation.

--

Jason Ibey, Esq. (Licensed in CA, UT and MA)
Partner
**KAZEROUNI LAW GROUP, APC**
A Professional Corporation

321 N Mall Drive
Suite R108
St. George, UT 84790
Direct Line: 949-274-7334
Toll Free: 800-400-6808 ext. 6
Fax: 800-520-5523
jason@kazlg.com
www.kazlg.com

Recognized as a Super Lawyer Rising Star in Consumer Law for 2018 - 2022

Los Angeles - Orange County - San Diego - Fresno - San Bernardino - Sacramento

**CONFIDENTIALITY NOTICE WARNING**:
The information contained in this message (inclusive of attachments) is attorney privileged and confidential information intended ONLY for the use of the individual/s and/or entity named above. If the reader of the message is not the intended recipient or an authorized representative of the intended recipient, I do not intend to waive and do not waive any privileges or the confidentiality of the message/s and attachment/s, and you are hereby notified that any dissemination of this communication is strictly prohibited. If you receive this communication in error, please notify me immediately at jason@kazlg.com or at (800) 400-6808 and delete the message and attachments from all your records. Thank you for your cooperation.