# EXHIBIT 6

**From:** Jason Ibey <jason@kazlg.com>
**Sent:** Wednesday, August 26, 2026 10:22 AM
**To:** Burns, Dakotah (x2532)
**Cc:** Petkovich, Faust (x2306); Zalesin, Steven A. (x2110); Huntington, Erin; Greene, Tanya; Abbas Kazerounian; Gil Melili
**Subject:** Re: Palmer v. The Coca-Cola Company - Request to M&C re: motion to exclude evidence + Rule 11 motion for sanctions

**External: Think before you click.**

Dakotah,

Suffice it to say we continue to disagree on this matter. The disputed points will be litigated in motion practice, not through continued email exchanges.

I will note, however, that you did not dispute when I pointed out during the call that Defendant has not provided any evidence indicating those few labels without the 100% Natural Flavors statement (which appear to Plaintiff to be merely drafts) were actually in circulation in California during any part of the proposed class period.

Plaintiff intends to proceed with a motion to exclude the evidence.

Sincerely,
Jason

On Tue, Aug 25, 2026 at 5:49 PM Burns, Dakotah (x2532) <dburns@pbwt.com> wrote:

Jason,

Thanks for speaking with us this afternoon. As we discussed at the conferral, it appears that the parties simply had different understandings of the discovery responses that you cited in your August 21 email. On today's call, you stated that the parties appear to be "ships passing in the night" in their interpretation of these responses. While that may be true, we wish to reiterate that Coca-Cola's purpose in responding to these requests was solely to address Plaintiff's questions concerning the time period during which the 100% representation appeared on the Class Products' labels.

Although you cited our supplemental response to Interrogatory No. 7 below, you will recall that this supplementation resulted from our negotiations regarding the original Topic No. 2 to Tyler Simpson's 30(b)(6) deposition notice, which requested "[t]he **first date** each of the CLASS PRODUCTS was made available for sale in California with the representation '100% Natural Flavors' (or any derivative thereof) on the label or packaging." At our meet and confers in advance of Mr. Simpson's deposition, we explained that the 100% representation had first appeared on the Class Products' labels well before the Class Period began, and that we did not think the "first date" on which this statement appeared was relevant so long as we agreed to represent that the statement appeared on the Class Products during the entirety of the Class Period. We subsequently reached a compromise on May 27 wherein Plaintiff agreed to withdraw

Topic No. 2 in exchange for our written representation that we would "not take the position in responding to Plaintiff's motion for class certification that the labels and/or packaging for the Class Products did not contain the 100% Natural Flavors representation during any part of the Class Period." Because the 100% representation appeared on a different part of Fanta's labels during earlier parts of the Class Period, we clarified that this representation did not concern the "placement or size" of the statement during certain parts of the Class Period.

As part of this compromise, you further asked on May 27 that we provide this written representation in a "signed verification." Because Topic No. 2 tracked the language used in RFP 13—and our RFP responses are not verified—we added the language as a supplemental response to Interrogatory No. 7 so that we could efficiently verify the response without requesting that you serve a new interrogatory.

This timeline makes clear that the discovery responses you have cited concerned only the time period during which the 100% representation appeared on the Class Products. As I mentioned on today's conferral, if you were uncertain as to whether the 100% representation appeared on all of the labels in circulation in California during the Class Period, you could have asked that question directly to Coca-Cola at any point in the many months following our production of the labels. We expect that you did not do so because you knew that some of the labels did not have that representation. Indeed, at our conferral today, you did not dispute that Plaintiff has been aware that some labels did not have the 100% representation for many months, including during the time period in which you served the RFPs and interrogatories at issue.

We believe the record outlined above should resolve the concerns raised in your August 21 email. We responded to Plaintiff's discovery requests in good faith, and we strongly oppose any argument that we have made any misrepresentation or violated any prior agreement.

Thank you,

Dakotah

**Dakotah Burns**

He | Him | His

**Patterson Belknap Webb & Tyler LLP**

1133 Avenue of the Americas | New York, NY 10036

T: 212.336.2532

dburns@pbwt.com | www.pbwt.com

---

**From:** Jason Ibey <jason@kazlg.com>
**Sent:** Tuesday, August 25, 2026 1:41 PM

**To:** Burns, Dakotah (x2532) <dburns@pbwt.com>
**Cc:** Petkovich, Faust (x2306) <fpetkovich@pbwt.com>; Zalesin, Steven A. (x2110) <sazalesin@pbwt.com>; Huntington, Erin <Erin.Huntington@us.dlapiper.com>; Greene, Tanya <tanya.greene@us.dlapiper.com>; Abbas Kazerounian <ak@kazlg.com>; Gil Melili <gil@kazlg.com>
**Subject:** Re: Palmer v. The Coca-Cola Company - Request to M&C re: motion to exclude evidence + Rule 11 motion for sanctions

**External: Think before you click.**

Dakotah,

Plaintiff disagrees with Defendant's view. The discovery agreements here were about more than just when the 100% Natural Flavors claim began to be used by Defendant. Indeed, Interrogatory No. 7, for example, concerns "variations" of labeling. The discovery representations cited in my email, taken together, leave no room for argument that Defendant was reserving any right to contend that some of the labels used during the class period did not have the 100% Natural Flavors claim, notwithstanding Defendant reserving the right to make arguments about the placement or size of the 100% Natural Flavors claim.

Were it not for such representations by Defendant, Plaintiff would have explored the issue further, since Plaintiff has seen no evidence that the 8 labels identified by Defendant (in arguing the class definition is overly broad) were actually in circulation during any part of the class period as opposed to being drafts. For example, the label at TCCC_0000111 (see also 0000037, without the claim for the Fanta Orange 4 pack) has a production date of 1/23/24, but TCCC_0000039 (with the claim for the Fanta Orange 4 pack--same UPC) has a production date of 1/24/24, just one day later. The label at TCCC_0000108 (see also 0000038, for Fanta Orange 12 oz. can) says at the top, "DO NOT USE FOR PRODUCTION." Plaintiff also notes that the label at TCCC_0000123 (see also 0000049, for Sprite Chill Strawberry Kiwi 20 oz. bottle) has a production date in February of 2026, which is well outside of the proposed class period in the motion for class certification.

I look forward to the discussion at 11 am PT today.

Sincerely,

Jason

On Fri, Aug 21, 2026 at 5:46 PM Burns, Dakotah (x2532) <dburns@pbwt.com> wrote:

> Jason,
>
> The points made in Coca-Cola's opposition brief are fully consistent with the discovery representations you cite below. The requests to which we responded concerned the ***time period*** during which the "100% Natural Flavors" claim appeared on the Class Products. As you will no doubt recall, the purpose of these responses was to address your request that we identify the **"first date"** on which the 100% representation appeared on the Class Products. Because we

understood that the 100% representation appeared on the Class Products throughout the Class Period, we provided a written response confirming this fact.

Our brief does not dispute that the "100% Natural Flavors" claim appeared on the Class Products throughout the entire Class Period. The point in our brief is much narrower: that ***some labels*** for certain Class Product did not include this representation, even though other labels for the same Class Products did. For example, the labels for certain Fanta Orange 20 oz. bottles had the 100% representation, while the labels for other Fanta Orange 20 oz. bottles did not. We therefore do not dispute that the 100% representation appeared on Fanta Orange during the entirety of the Class Period. Rather, our point is that not ***all*** Fanta Orange labels included that representation.

In none of the discovery responses cited below did we represent that all of the labels for the Class Products had the 100% representation. Indeed, you have had the 68 labels we produced in your possession for months now, and we assume that you have long been aware that certain labels did not have the representation. We also expect that you have not asked us in discovery whether all of the labels bore the 100% representation because you have known that they did not. Your discovery requests concerned only whether there were time periods during which the 100% representation did not appear on the Class Products at all. We answered those questions truthfully and in good faith.

We are happy to discuss this further at next week's meet and confer, but we want to be clear that we strongly reject any suggestion that we have made any misrepresentation or violated any prior agreement.

Thank you,

Dakotah

**Dakotah Burns**

He | Him | His

**Patterson Belknap Webb & Tyler LLP**

1133 Avenue of the Americas | New York, NY 10036

T: 212.336.2532

dburns@pbwt.com | www.pbwt.com

---

**From:** Jason Ibey <jason@kazlg.com>
**Sent:** Friday, August 21, 2026 7:29 PM
**To:** Burns, Dakotah (x2532) <dburns@pbwt.com>
**Cc:** Petkovich, Faust (x2306) <fpetkovich@pbwt.com>; Zalesin, Steven A. (x2110) <sazalesin@pbwt.com>; Huntington, Erin <Erin.Huntington@us.dlapiper.com>; Greene, Tanya <tanya.greene@us.dlapiper.com>; Abbas Kazerounian

<ak@kazlg.com>; Gil Melili <gil@kazlg.com>
**Subject:** Palmer v. The Coca-Cola Company - Request to M&C re: motion to exclude evidence + Rule 11 motion for sanctions

**External: Think before you click.**

Dakotah,

For our scheduled call on August 25, Plaintiff would like to add to the agenda a conferral regarding Plaintiff's anticipated motion to exclude evidence submitted by Defendant at Dkt. No. 69-3, and any similar evidence, on that basis that it violates the Parties' agreement and Defendant's express promise in written discovery.

In Defendant's June 5, 2026 supplemental response to Interrogatory No. 7, Defendant states in relevant part:

Subject to and without waiving the previously raised specific and general objections, each of which is specifically incorporated herein, Coca-Cola states that it will not take the position in responding to Plaintiff's motion for class certification that the labels and/or packaging for the Class Products did not contain the 100% Natural Flavors representation during any part of the Class Period, or that any labeling differences prior to the Class Period—*i.e.*, from prior to May 27, 2021—would impact class certification."

And, Defendant's May 22, 2026 supplemental response to request for production No. 13, states:

Subject to and without waiving the previously raised specific and general objections, each of which is specifically incorporated herein, Coca-Cola states that the "100% Natural Flavors" representation appears on the packaging and/or labeling of the Class Products that it has produced in response to this Request and that **the "100% Natural Flavors" representation would have appeared on the packaging and/or labeling of the Class Products sold in California during the <u>entirety</u> of the Class Period."** [emphasis added].

By looking to the few product labels produced in discovery that do not contain the 100% Natural Flavors representation, and making legal arguments based on that evidence to oppose class certification, Defendant is in direct violation of the agreement between the Parties and its statements in written discovery.

I also note this Court's Civility and Professionalism Guidelines, Section B.1., provide in relevant part: "We will adhere to all express promises and to agreements with other counsel, whether oral or in writing, and will adhere in good faith to all agreements implied by the circumstances or local customs."

Furthermore, Plaintiff requests to meet and confer on August 25 on Plaintiff's contemplated Rule 11 motion against Defendant (for the same reasons noted above), including when Defendant's Rule 30(b)(6) representative testified that the 100% Natural Flavors representation appeared on all size variations for the class products during the class period for the primary packaging. Rule 30(b)(6) Depo., Page 90, lines 8-18.

Plaintiff reserves all rights, including but not limited to requesting to meet and confer on additional concerns as my office goes through the process of reviewing Defendant's lengthy filings from yesterday evening.

Sincerely,

Jason Ibey

---

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.

---

--

Jason Ibey, Esq. (Licensed in CA, UT and MA)

Partner

**KAZEROUNI LAW GROUP, APC**

A Professional Corporation

321 N Mall Drive

Suite R108

St. George, UT 84790

Direct Line: 949-274-7334

Toll Free: 800-400-6808 ext. 6

Fax: 800-520-5523

jason@kazlg.com

www.kazlg.com

Recognized as a Super Lawyer Rising Star in Consumer Law for 2018 - 2022

Los Angeles - Orange County - San Diego - Fresno - San Bernardino - Sacramento

**CONFIDENTIALITY NOTICE WARNING**:

The information contained in this message (inclusive of attachments) is attorney privileged and confidential information intended ONLY for the use of the individual/s and/or entity named above. If the reader of the message is not the intended recipient or an authorized representative of the intended recipient, I do not intend to waive and do not waive any privileges or the confidentiality of the message/s and attachment/s, and you are hereby notified that any dissemination of this communication is strictly prohibited. If you receive this communication in error, please notify me immediately at jason@kazlg.com or at (800) 400-6808 and delete the message and attachments from all your records. Thank you for your cooperation.

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.

--
Jason Ibey, Esq. (Licensed in CA, UT and MA)
Partner
**KAZEROUNI LAW GROUP, APC**
A Professional Corporation

321 N Mall Drive
Suite R108
St. George, UT 84790
Direct Line: 949-274-7334
Toll Free: 800-400-6808 ext. 6
Fax: 800-520-5523
jason@kazlg.com
www.kazlg.com

Recognized as a Super Lawyer Rising Star in Consumer Law for 2018 - 2022

Los Angeles - Orange County - San Diego - Fresno - San Bernardino - Sacramento

**CONFIDENTIALITY NOTICE WARNING**:
The information contained in this message (inclusive of attachments) is attorney privileged and confidential information intended ONLY for the use of the individual/s and/or entity named above. If the reader of the message is not the intended recipient or an authorized representative of the intended recipient, I do not intend to waive and do not waive any privileges or the confidentiality of the message/s and attachment/s, and you are hereby notified that any dissemination of this communication is strictly prohibited. If you receive this communication in error, please notify me immediately at jason@kazlg.com or at (800) 400-6808 and delete the message and attachments from all your records. Thank you for your cooperation.