**KAZEROUNI LAW GROUP, APC**
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff,*
*Victoria Palmer*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**VICTORIA PALMER, SUE KIM, and, IVAN ZERMENO, Individually and On Behalf of All Others Similarly Situated,**

**Plaintiffs,**

**v.**

**THE COCA-COLA COMPANY,**

**Defendant.**

**Case No.: 2:25-cv-04777-GW-CTS**

**DECLARATION OF JASON A. IBEY IN SUPPORT OF REPLY TO MOTION FOR CLASS CERTIFICATION**

I, JASON A. IBEY, declare:

1. I am an attorney admitted to the State Bar of California on November 26, 2012, and have been a member in good standing since that time. I am also licensed in the states of Utah and Massachusetts.
2. I am a partner with the law firm Kazerouni Law Group, APC, and counsel for plaintiff Victoria Palmer ("Plaintiff" or "Palmer") in the above-captioned action against defendant The Coca-Cola Company ("Defendant" or "Cola-Cola").
3. I have personal knowledge of the following facts and, if called upon as a witness, could and would competently testify thereto, except as to those matters which are explicitly set forth as based upon my information and belief and, as to such matters, I am informed and believe that they are true and correct.
4. I am writing this reply declaration in support of the Plaintiff's Motion for Class Certification in this matter.
5. On July 20, 2026, which was after Plaintiff filed her Motion for Class Certification in this matter, Defendant produced documents labeled TCCC_0004759-0004786, which I understand relate to information about non-Class Sprite and Fanta beverage products.
6. After Defendant filed its Opposition to the Motion for Class Certification on August 20, 2026 (Dkt. No. 69), Defendant produce documents to Plaintiff on September 11, 2026, in the form of historical versions of some of Coca-Cola's webpages, labeled TCCC_0004835 to TCCC_0004924.
7. As of September 17, 2026, at 4 p.m. PT, still outstanding from Coca-Cola is documentation that I understand Coca-Cola is seeking from its bottlers for production to Plaintiff, after Coca-Cola produced a contract with a third party on August 27, 2026, reflecting the existence of what I believe is relevant information.

8. In an email exchange between me and Defendant's counsel, which I sent on June 4, 2026, at approximately 10:15 am., Plaintiff proposed to address Defendant's burden objection relating to its marketing videos by narrowing the proposed production (prior to a class certification ruling) to only ten months between 2021 and 2025, rather than all months during those years. I understand that Defendant accepted that proposal and therefore produced marketing videos only for a 10-month period rather than the entire proposed Class Period.

9. One of Plaintiff's noticed topics for the May 29, 2026, deposition of Defendant's representative pursuant to Rule 30(b)(6) was Topic 14, which read: "The Manufacturer's Suggested Retail Price (MSRP) for the CLASS PRODUCTS in the United States (including California) between May 27, 2021, and the present."

**Exhibits**

10. Attached hereto as **Exhibit 1** is a true and correct partially redacted version of the Reply Declaration of Stephen F. Hamilton, Ph.D. in Support of Plaintiff's Motion for Class Certification, executed on September 16, 2026. Dr. Hamilton's declaration relies in part on matters that have been designated by Defendant as confidential or approved by the Court to be filed under seal; therefore, this document has been partially redacted for public filing, and an unredacted version will be provided to the Court as a proposed sealed document in connection with an application to file under seal, with yellow highlighting to show the portions to be treated as confidential.

11. Attached hereto as **Exhibit 2** is a true and correct partially redacted version of the Rebuttal Report of R. Sukumar, Ph.D., executed on September 17, 2026. Dr. Sukumar's rebuttal report relies in part on matters that have been designated by Defendant as confidential or approved by the Court to be filed under seal; therefore, this document has been partially redacted for public

KAZEROUNI LAW GROUP, APC

filing, and an unredacted version will be provided to the Court as a proposed sealed document in connection with an application to file under seal, with yellow highlighting to show the portions to be treated as confidential.

12. Attached hereto as **Exhibit 3** is a true and correct partially redacted version of excerpts of the transcript of the Deposition of Keith R. Ugone, one of Defendant's experts, whose deposition I took remotely on September 4, 2026. Subsequent to this deposition, Defendant's counsel provided Plaintiff with a list of confidential designations for that deposition transcript; therefore, this document has been partially redacted for public filing, and an unredacted version will be provided to the Court as a proposed sealed document in connection with an application to file under seal, with yellow highlighting to show the portions to be treated as confidential based on Defendant's confidential designations.

13. Attached hereto as **Exhibit 4** is a placeholder exhibit cover page for a true and correct copy of excerpts of the transcript of Erinc Sonmezer, whose deposition was taken remotely by Plaintiff's counsel on September 4, 2026. Subsequent to this deposition, Defendant's counsel provided Plaintiff with a list of confidential designations for that deposition transcript; an unredacted version will be provided to the Court as a proposed sealed document in connection with an application to file under seal, with yellow highlighting to show the portions to be treated as confidential based on Defendant's confidential designations.

14. Attached hereto as **Exhibit 5** is a placeholder exhibit cover page for a true and correct copy of an unredacted document produced in discovery by Defendant, labeled TCCC_0000037.

15. Attached hereto as **Exhibit 6** is a placeholder exhibit cover page for a true and correct copy of an unredacted document produced in discovery by

KAZEROUNI LAW GROUP, APC

Defendant, labeled TCCC_0000039. I observe that the Universal Product Code in this document, 04000546644, is the same as in TCCC_0000037.

16. Attached hereto as **Exhibit 7** is a placeholder exhibit cover page for a true and correct copy of an unredacted document produced in discovery by Defendant, labeled TCCC_0000049.

17. Attached hereto as **Exhibit 8** is a placeholder exhibit for a true and correct copy of email exchanges between me and Defendant's counsel, which occurred on August 14 and 18, 2026.

18. Attached hereto as **Exhibit 9** is a placeholder exhibit cover page for a true and correct copy an email from Defendant's counsel, Mr. Dakotah Burns, to me, which occurred on September 11, 2026, at approximately 1:16 pm.

19. Attached hereto as **Exhibit 10** is a true and correct copy of email exchanges between me and Defendant's counsel, Mr. Dakotah Burns, which occurred between May 27 and May 28, 2026. The email exchange took place after a May 27, 2026, videoconference between respective counsel regarding several discovery matters, including topics for the Rule 30(b)(6) deposition of Defendant's representative held on May 29, 2026.

20. Attached hereto as **Exhibit 11** is a true and correct copy of excerpts of Defendant's Third Supplemental Responses and Objections to Plaintiff's First Set of Interrogatories, specifically showing Defendant's supplemental response to Interrogatory No. 7, which was served on Plaintiff's counsel via email on June 5, 2026.

21. Attached hereto as **Exhibit 12** is a true and correct copy of excerpts of Defendant's Second Supplemental Responses and Objections to Plaintiff's First Set of Requests for Production, which were served on Plaintiff via email on May 22, 2026, which shows Defendant's supplemental response to Request for Production No. 13.

KAZEROUNI LAW GROUP, APC

KAZEROUNI LAW GROUP, APC

22. Attached hereto as **Exhibit 13** is a true and correct copy of a .pdf version of the internet publication "Potential role of the common food additive manufactured citric acid in eliciting significant inflammatory reactions contributing to serious disease states: A series of four case reports" available on the National Library of Medicine's website at https://pmc.ncbi.nlm.nih.gov/articles/PMC6097542, which I last accessed on September 8, 2026. The same article was cited in Footnote 33 to the First Amended Complaint in this matter (Dkt. No. 52).

23. Attached hereto as **Exhibit 14** is a true and correct copy of the amended class certification order issued by the court in *Moorer v. StemGenex Med. Grp., Inc.*, Case No. 3:16-cv-02816-AJB-AHG (S.D. Cal.), on February 12, 2021, which I accessed from PACER on September 7, 2026.

24. Attached hereto as **Exhibit 15** is a true and correct copy of a screenshot I took of the Amazon.com webpage for "Sprite Lemon Lime Soda Soft Drinks, 7.5 fl oz, 6 Pack | Naturally flavored soft drink carbonated," which I accessed through the link https://www.amazon.com/Sprite-Lemon-Lime-Caffeine-Drink-Fridge/dp/B01C2JF2H2?th=1 on September 8, 2026.

25. Attached hereto as **Exhibit 16** is a true and correct copy of a screenshot I took of the Amazon.com webpage for "Sprite Lemon-Lime Soda Soft Drink Mini Cans, 7.5 fl oz, 10 Pack | Caffeine free soda pop with natural flavors" which I accessed through the link https://www.amazon.com/Sprite-Lemon-Lime-Caffeine-Drink-Fridge/dp/B06XCK1NGZ?th=1 on September 8, 2026.

26. Attached hereto as **Exhibit 17** is a true and correct copy of a screenshot I took of the Amazon.com webpage for "Sprite Lemon-Lime Caffeine-Free Soda Soft Drink Fridge Pack Mini Cans, 7.5 fl oz (Pack of 20)" which I accessed through the link https://www.amazon.com/Sprite-Lemon-Lime-Caffeine-Drink-Fridge/dp/B0D2FFMFDX?th=1 on September 8, 2026.

27. Attached hereto as **Exhibit 18** is a true and correct copy of a excerpts of the transcript of the deposition of On Amir, taken by Plaintiff's counsel on September 9, 2026.

28. Attached hereto as **Exhibit 19** is a true and correct copy of a excerpts of the transcript of the deposition of Hal Poret, which I took remotely on September 10, 2026.

I declare under penalty of perjury that the foregoing is true and correct, executed on September 17, 2026, pursuant to the laws of the United States of America, at St. George, Utah.

/s/ Jason A. Ibey
Jason A. Ibey